UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS WALKER AND DARIELA WALKER | * * * | CIVIL ACTION |
| VERSUS | * * * | JUDGE |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | * * | MAGISTRATE |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes United Property & Casualty Insurance Company ("Defendant"), without waiving any of its defenses or objections, who respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

1.

Thomas Walker and Dariela Walker, (hereinafter, "Plaintiffs"), filed a lawsuit on April 18, 2022, styled *Thomas Walker and Dariela Walker versus United Property & Casualty Insurance Company*, Civil Action No. 827-260, on the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana (hereinafter, "State Court Action") against United Property & Casualty Insurance Company. Defendant was served with a copy of the Petition for

4164027 v1

Damages through its registered agent for service of process on July 19, 2022. The suit arises out of alleged damages to Plaintiffs' property as a result of Hurricane Ida.[1]

Plaintiffs alleges that their property located at 7808 Harang Avenue, Louisiana 70001, sustained damages as a result of Hurricane Ida. Plaintiffs alleges that their insurer, Defendant, has failed to tender sufficient funds to Plaintiffs and intentionally delayed the process.[2] Plaintiffs seek various damages based on the alleged loss occurring in Jefferson Parish.[3]

**I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiffs and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

    **A. Plaintiffs are citizens of Louisiana.**

3.

Plaintiffs, Thomas Walker and Dariela Walker, at the time they commenced the State Court Action, were residents and domiciliaries of the State of Louisiana as alleged in the Petition for Damages, attached hereto as Exhibit 1.

---

[1] *See* Copy of State Court Record attached as Exhibit 1.
[2] *Id.*
[3] *Id.*

**B. The Defendant is diverse from the Plaintiffs.**

4.

Defendant, United Property and Casualty Insurance Company, at the time the State Court Action was commenced, was and still is a corporation.[4] United Property and Casualty Insurance Company is incorporated in Florida.[5] United Property and Casualty Insurance Company's principal place of business in Florida.[6] United Property and Casualty Insurance Company is domiciled in Florida.[7] Thus, Defendant is diverse from Plaintiffs.

5.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiffs does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[8]

---

[4] *See* Exhibit 2.
[5] *Id.*
[6] *Id.*
[7] *Id*.
[8] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

4164027 v1

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "Plaintiffs can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[9]

7.

Plaintiffs have submitted a public adjuster estimate for disputed amounts totaling $66,710.08.[10] To date, Defendant has paid Plaintiffs $17,208.43. Plaintiffs also seek to recover the following, non-exclusive damages: a) Prejudgment interest at the highest lawful rate allowed by law; b) Lost rent; c) Additional living expenses; d) Mental Anguish, suffering, inconvenience; and g) Such further relief as this Court deems necessary, just, and proper.[11] In addition to the alleged contractual damages and non-exclusive damages claimed, Plaintiffs claim they are entitled to the exorbitant penalties allowed under La. R.S. 22:1892 and 22:1973, attorneys' fees, and costs associated with the bringing of this action.[12]

8.

La. R.S. 22:1892 allows for "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorneys' fees and costs." La. R.S. 22:1892(B)(1). Plaintiffs seeks a 50% penalty, or, at least $24,750.82, in addition to the alleged

---

[9] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[10] Exhibit 3.
[11] *See* Exhibit 1.
[12] *Id.*

4

contractual damages of $66,710.08, set forth above. Plaintiffs' claims for contractual damages and penalties under La. R.S. 22:1892 establish an amount in controversy well over the jurisdictional threshold of $75,000.

9.

In addition to Plaintiffs' claims for contractual damages and penalties under La. R.S. 22:1892, Plaintiffs also seek damages under La. R.S. 22:1973. La. R.S. 22:1973 allows for the following penalties: "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C). Applying the penalty calculation proscribed by La. R.S. 22:1973 to the facts alleged by Plaintiffs, as set forth in their Petition for Damages, in addition to contractual damages, attorney's fees, costs, and interest, Plaintiffs seek a penalty against UPC well above the $75,000 jurisdictional threshold for removal, or $99,003.3.

10.

Finally, in connection with Plaintiffs' claims for damages under La. R.S. 22:1973, Defendants notes that under Louisiana law, damages for mental anguish are recoverable under the statute imposing the duty on insurers to act in good faith and in engage in fair claims settlement practices. Based on Plaintiffs' claims for damages under La. R.S. 22:1973, quantum research was performed to evaluate the amount in controversy, specifically as to mental anguish under La. R.S.

5

22:1973. Past mental anguish awards have been as much as $125,000.[13] Based on the quantum research, the mental anguish damages under La. R.S. 22:1973 may total up to $125,000, if proven.

## II. The Procedural Requirements for Removal are Satisfied.

11.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Jefferson Parish, Louisiana, where the state court action is pending. *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

12.

Defendant's Notice of Removal was timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days of Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."

13.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition for Damages and all pleadings filed in Suit No. 20220001553 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson and served upon Defendant to date, including Plaintiffs' Petition for Damages.

---

[13] *Orellana vs. Louisiana Citizens Property Insurance Corporation*, 972 So.2d 1252, 1256 (La. App. 4 Cir. 12/05/07); *see also Leland vs. Lafayette Insurance Company*, 77 So. 3d 1078, 1090 (La. App. 3 Cir. 11/09/11) (affirming a mental anguish award of $45,000 per plaintiff under La. R.S. 22:1973).

4164027 v1

14.

Written notice has been given to all adverse parties, and a copy of the Notice of Removal was filed with the Clerk of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

WHEREFORE, United Property and Casualty Insurance Company, hereby gives notice that the proceeding bearing number 827-260 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, is removed to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

__/s/ Katherine W. Trotter_____
**NICHOLAS P. ARNOLD, #31602**
narnold@bluewilliams.com
**KATHERINE W. TROTTER #33415**
ktrotter@bluewilliams.com
**BLUE WILLIAMS, L.L.C.**
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3021
**Attorneys for Defendant, United Property and Casualty Insurance Company**

4164027 v1

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the 18th day of August, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

        Roderick "Rico" Alvendia #25554/J.Bart Kelly, III #24488
        Alvendia, Kelly & Demarest, LLC
        909 Poydras St., Ste. 1625, New Orleans, LA 70112
        rico@akdlalaw.com; bart@akdlalaw.com

                                                  */s/ Katherine W. Trotter*
                                                  **NICHOLAS P. ARNOLD**
                                                  **KATHERINE W. TROTTER**

4164027 v1